CUNNINGHAM, Appellee,

v.

GARRUTO, Appellant.

[Cite as *Cunningham v. Garruto* (1995), 101 Ohio App.3d 656.]

Court of Appeals of Ohio,
Third District, Union County.

No. 14-94-44.

Decided March 14, 1995.

*Allen, Yurasek & Merkley* and *Stephen J. Yurasek,* for appellee.
*Cannizzaro, Fraser & Bridges* and *Don W. Fraser,* for appellant.

SHAW, Judge.

Defendant-appellant, Rocco Garruto, appeals the default judgment entered against him in the Union County Court of Common Pleas, following defendant's failure to comply with plaintiff-appellee's request for admissions and interrogatories.

On May 12, 1994, plaintiff filed a complaint against defendant seeking fees for services which were allegedly rendered by plaintiff in connection with the boarding of defendant's horse. Defendant filed his answer on July 26, 1994. On August 1, 1994, plaintiff filed his request for admissions pursuant to Civ.R. 36 and his interrogatories pursuant to Civ.R. 33. Defendant did not respond to either discovery request. On August 10, 1994, the trial court assigned the matter for a bench trial set to commence on September 16, 1994.

On September 9, 1994, as a result of defendant's failure to comply with discovery requests, plaintiff filed a motion for default judgment, or, in the alternative, a motion to have his requested admissions deemed admitted with the trial court. On September 12, 1994, the trial court granted plaintiff's motion for default judgment and granted judgment against defendant. The trial court further converted the September 16, 1994 trial date into a hearing on damages only.

On September 16, 1994, plaintiff appeared in court with counsel and two witnesses. Defendant however, failed to appear. Plaintiff presented evidence on the issue of damages and the trial court entered judgment against defendant in the amount of $5,255 plus costs and interest from the date of judgment.

Thereafter, defendant filed the instant appeal asserting the following sole assignment of error:

"The trial court abused its discretion in granting a default judgment against appellant."

In substance, defendant argues that the trial court abused its discretion in granting a default judgment without first requiring plaintiff to file a motion to compel discovery. Defendant further argues that the trial court abused its

discretion by granting a default judgment against defendant in the absence of willfulness or bad faith on his part.

In the case *sub judice*, plaintiff served his request for admissions and interrogatories via regular U.S. mail on August 1, 1994. The record demonstrates that defendant did not respond, admit or object to plaintiff's request for admissions, nor did defendant serve any answers to plaintiff's interrogatories.

With respect to the failure to respond to requests for admissions, Civ.R. 36 provides that each matter for which an admission is requested is deemed admitted unless the party at whom the request is directed serves answers or objections to the request in a period of time not to exceed twenty-eight days. Thus, defendant's complete failure to respond to plaintiff's request means that for the purposes of the instant case, defendant has admitted to the matters set forth in the request.

With respect to a responding party's failure to answer interrogatories, Civ.R. 37(A) provides that in such a situation, the opposing party may move for a court order compelling discovery. Upon a failure to comply with that order, Civ.R. 37(B) provides that the responding party may be in contempt of court and that the court may make such orders regarding that failure as are just, including rendering a default judgment against the disobedient party. However, Civ.R. 37(D) provides that if a party completely fails to *serve* answers to interrogatories, the court is authorized to take any action authorized under subsections (a), (b), and (c) of Civ.R. 37(B)(2), such as a default judgment, even if the disobedient party has not violated a prior court order compelling discovery.

In the instant case, the record indicates that defendant completely failed to respond or serve answers to plaintiff's interrogatories. Thus, contrary to defendant's assertions, plaintiff was not required to file a motion to compel discovery as a prerequisite to filing a motion for a default judgment, as Civ.R. 37(D) "provides a one-step method for immediate imposition of sanctions by motion" when a party fails to serve answers to interrogatories. *Dafco, Inc. v. Reynolds* (1983), 9 Ohio App.3d 4, 5, 9 OBR 4, 457 N.E.2d 916, 916; see, also, Staff Note to Civ.R. 37(D). Accordingly, defendant did not have to first violate an order to compel discovery in order for the trial court to have properly considered a motion for default judgment.

In the second part of defendant's argument, he asserts that the trial court abused its discretion because the record does not demonstrate that his failure to respond to the discovery requests was willful or in bad faith. It is well established that a trial court has broad discretion under Civ.R. 37 to impose sanctions for failure to comply with discovery requests. *Toney v. Berkemer* (1983), 6 Ohio St.3d 455, 6 OBR 496, 453 N.E.2d 700. However, it is also well established that the harsh remedies of default and dismissal should only be

utilized when the failure to comply with discovery is due to willfulness, bad faith or fault on behalf of the respondent. *Societe Internationale v. Rogers* (1958), 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255.

The record in the case *sub judice* indicates that plaintiff filed one discovery request on August 1, 1994. Upon noncompliance with that request, plaintiff filed a motion for default judgment on September 9, 1994. The trial court granted plaintiff's motion for default judgment three days later on September 12, 1994. Unfortunately, neither the record nor defendant's brief reveals what circumstances, if any, caused or contributed to defendant's noncompliance with plaintiff's discovery request. However, without deciding the issue of whether defendant's conduct rose to the level of willfulness and bad faith necessary to sustain a default judgment, we find that the default judgment was improperly granted because the trial court failed to follow the notice requirement of Civ.R. 55 governing default judgments.

Pursuant to Civ.R. 55, when a party defending a claim has failed to plead or otherwise defend that claim, the court may, upon motion, enter a default judgment on behalf of the party asserting the claim. *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.* (1986), 28 Ohio St.3d 118, 28 OBR 216, 502 N.E.2d 599. However, if the party defending the action has made an appearance in the action, as defendant has done in this case, the trial court must provide that party with seven days notice of the hearing on the motion for default judgment prior to entering judgment. *AMCA Internatl. Corp. v. Carlton* (1984), 10 Ohio St.3d 88, 10 OBR 417, 461 N.E.2d 1282.

As we have previously noted, the trial court entered the default judgment against defendant only three days after plaintiff filed his motion to that effect. Thus, it clear that no hearing on the motion was scheduled and defendant was not provided with notice of the motion for default judgment seven days prior to the entry of that judgment as required by Civ.R. 55(A). It is our belief that the Civ.R. 55(A) notice requirement must be complied with even when a default judgment is imposed as a Civ.R. 37 sanction. We therefore hold that the trial court erred in entering a default judgment against defendant without adhering to the seven-day notice requirement of Civ.R. 55(A).

Accordingly, as defendant's sole assignment of error is sustained, the decision of the Union County Court of Common Pleas granting default judgment in favor of plaintiff is reversed and the cause is remanded to that court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

THOMAS F. BRYANT, P.J., and HADLEY, J., concur.