This cause came on to be heard upon the accelerated calender pursuant to App.R. 11.1 and Loc.App.R. 25, the record from the Cuyahoga County Court of Common Pleas, oral argument and the briefs of counsel. Gwendolyn Etheridge, plaintiff-appellant, appeals from the judgment of the Cuyahoga County Court of Common Pleas, General Division, Case No. CV-347281, in which the trial court granted the motion to dismiss of Executive Caterers at Landerhaven, et al., defendants-appellees. Plaintiff-appellant assigns three errors for this court's review.
Plaintiff-appellant's appeal is not well taken.
Plaintiff-appellant was employed by Executive Caterers at Landerhaven, defendant-appellee, at its cafe located in the Rock and Roll Hall of Fame and Museum in Cleveland, Ohio. Plaintiff-appellant was employed from September, 1995, to October, 1996. During this time, plaintiff-appellant maintains that she was sexually harassed during the course and scope of her employment by her immediate supervisor, Mark Balog, defendant-appellee.
On January 23, 1997, plaintiff-appellant filed her original complaint against Executive Caterers at Landerhaven and Mark Balog, defendants-appellees, Case No. CV-326920, alleging sexual harassment, sexual assault and battery, and intentional infliction of severe emotional distress. Defendants-appellees answered and served interrogatories and discovery requests upon plaintiff-appellant. A discovery cut-off date of October 23, 1997, was established by the trial court. Plaintiff-appellant did not respond to the outstanding discovery requests. Subsequently, defendants-appellees filed a motion to dismiss the complaint on December 16, 1997, for failure to prosecute. On January 12, 1998, plaintiff-appellant voluntarily dismissed her case pursuant to Civ.R. 41 (A) without responding to the outstanding discovery or the pending motion to dismiss.
On January 20, 1998, plaintiff-appellant re-filed the underlying complaint, Case No. CV-347281. Once again, defendants-appellees answered and served discovery requests upon plaintiff-appellant. The discovery was served on May 7, 1998. On September 28, 1998, the trial court conducted a pre-trial hearing after which the trial court entered the following order:
 Pre-trial held. Plaintiff to respond to outstanding discovery requests by 10/15/98. Discovery cut-off 1/15/99. Plaintiff's expert report due 3/15/99. Dispositive motions due 2/15/99. Final pre-trial 4/26/99 at 2:00 p.m. Trial 5/11/99 at 10:00 a.m.
On October 28, 1998, defendants-appellees filed a combined motion to dismiss and for sanctions due to plaintiff-appellant's continued failure to respond to the outstanding discovery. Plaintiff-appellant failed to file a timely response. Rather, on November 17, 1998, plaintiff-appellant filed her brief in opposition to defendants' motion to dismiss as well as notice of service of plaintiff-appellant's responses to the outstanding discovery. In her brief, plaintiff-appellant's counsel alleged only that the delay in responding to the outstanding discovery requests was due to "an unusually heavy schedule." Defendants-appellees filed a reply brief, with leave of court, on December 4, 1998.
On January 6, 1999, the trial court granted defendants-appellees' motion to dismiss. On February 4, 1999, plaintiff-appellant filed a timely notice of appeal from the judgment of the trial court.
Plaintiff-appellant's first assignment of error states:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING APPELLEES' MOTION TO DISMISS FOR FAILURE TO ALLOW DISCOVERY AND FOR FAILURE TO PROSECUTE WHEN THE COURT FAILED TO GIVE NOTICE OF ITS INTENT TO DISMISS THE ACTION AS REQUIRED BY CIVIL RULE 41 (B) (1).
Plaintiff-appellant's second assignment of error states:
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING APPELLEES' MOTION TO DISMISS FOR FAILURE TO ALLOW DISCOVERY AND FOR FAILURE TO PROSECUTE WHEN THE APPELLEES' HAD NOT OBTAINED AN ORDER FROM THE COURT COMPELLING DISCOVERY.
Plaintiff-appellant's third and final assignment of error states:
 III. THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING APPELLEES' MOTION TO DISMISS FOR FAILURE TO ALLOW DISCOVERY AFTER APPELLANT HAD ALREADY SERVED HER ANSWERS TO APPELLEES' INTERROGATORIES THEREBY RENDERING APPELLEES' MOTION TO DISMISS MOOT.
Having a common basis in both law and fact, this court shall consider plaintiff-appellant's first, second and third assignments of error simultaneously.
Plaintiff-appellant argues, through her first, second and third assignments of error, that the trial court improperly dismissed her underlying sexual harassment case for failure to respond to defendants-appellees' outstanding discovery requests. Specifically, plaintiff-appellant maintains that the trial court erred by dismissing the complaint without first giving notice of its intent to dismiss the action as required by Civ.R. 41 (B) (1). Plaintiff-appellant argues further that the trial court erred and abused its discretion by dismissing the complaint when defendants-appellees' had not yet obtained an order from the trial court compelling discovery. Lastly, plaintiff-appellant contends that the motion to dismiss the complaint was rendered moot by plaintiff- appellant's response to the outstanding discovery which was filed on November 17, 1998.
In Quonset Hut v. Ford Motor Co. (1997), 80 Ohio St.3d 46, the Ohio Supreme Court discussed the standard to be applied to cases involving Civ.R. 41 (B) (1) dismissals. The Supreme Court specifically held:
 We turn now to the primary issue in this case, whether Quonset's counsel received notice due under Civ.R. 41 (B) (1). In Mindala, this court held that "the notice requirement of Civ.R. 41 (B) (1) applies to all dismissals with prejudice, including those entered pursuant to Civ.R. 37 (B) (2) (c) for failure to comply with discovery orders." Mindala, 22 Ohio St.3d at 101, 22 OBR at 135, 48 N.E.2d at 883. This Court has recently stated that "the purpose of notice is to provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice." Logsdon v. Nickles (1995), 72 Ohio St.3d 124, 128, 647 N.E.2d 1361, 1365, quoting McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 357, Section 1307.
 The record indicates that Quonset's counsel was on notice that the action could be dismissed. Quonset's counsel was aware that Ford had filed a motion requesting the court to dismiss Quonset's claim with prejudice. In fact, Quonset filed a responsive motion urging that dismissal not be granted. It is apparent that Quonset's counsel was on notice of the possibility of dismissal with prejudice. Nevertheless, the record does not indicate that Quonset or its counsel took any action to comply with the outstanding discovery order.
 Five days after Quonset's responsive motion, the trial court found Quonset in contempt for failing to comply with the discovery order. A full month after the trial court found Quonset in contempt, Quonset had not complied, even in part, with the discovery order. At that time, the trial court granted Ford's motion to dismiss with prejudice.
 We hold that for purposes of Civ.R. 41 (B) (1), counsel has notice of an impending dismissal with prejudice for failure to comply with the discovery order when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal. See Logsdon, 72 Ohio St.3d at 129, 647 N.E.2d at 1365-1366
(Cook, J., concurring in part and dissenting in part) (the notice required by Civ.R. 41 (B) (1) need not be actual but may be implied when reasonable under the circumstances)
Id. at 48-49, Sazima v. Chalko (June 4, 1998), Cuyahoga App. Nos. 72769 and 73138, unreported.
In the case sub judice, a review of the record from the trial court demonstrates that plaintiff-appellant clearly had implied, if not actual, notice that her sexual harassment case was subject to dismissal with prejudice for failure to timely comply with the outstanding discovery requests of defendants-appellees. Not only had the trial court previously ordered plaintiff-appellant to respond to the outstanding discovery requests by October 15, 1998, but there was an outstanding motion to dismiss the action filed by defendants-appellees due to the prolonged failure of plaintiff-appellant to respond to the subject discovery as previously ordered by the trial court. In the motion to dismiss, defendants-appellees specifically request that dismissal be considered as a sanction. As in Quonset Hut, plaintiff-appellant filed a responsive pleading in opposition to defendants-appellees' motion to dismiss. Under the standard set forth by the Ohio Supreme Court in Quonset Hut, it is apparent that notice of dismissal with prejudice could reasonably be implied under the circumstances presented herein. Plaintiff-appellant failed to respond to outstanding discovery over a prolonged period of time and failed to comply with a court order regarding the outstanding discovery in a timely fashion, all with little or no justification presented. Under the circumstances, the trial court was left with little alternative but to dismiss the action based upon plaintiff-appellant's unexplained failure to comply with the outstanding discovery requests and the order of the trial court in a timely manner.
Plaintiff-appellant's contention that the trial court erred by dismissing the case without first granting a motion to compel discovery is equally unfounded. Initially, it must be noted that a review of the trial court's order of September 29, 1998 demonstrates that the trial court did, in fact, order plaintiff-appellant to respond to the outstanding discovery requests. Contrary to plaintiff-appellant's assertion, this was done separately from the establishment of the overall discovery cut-off date of January 15, 1999. Clearly, the trial court's order can be construed as an order compelling discovery even though no such motion appears on the record.
Even if the subject order is not viewed as an order compelling plaintiff-appellant to respond to the outstanding discovery requests, it has been held that Civ.R. 37 (D) authorizes the trial court to dismiss a complaint due to a plaintiff's failure to answer or respond to outstanding discovery regardless of whether the trial court has issued an order directing the plaintiff to respond. See Cunningham v. Garruto (1995),101 Ohio App.3d 656, 656 N.E.2d 392; Havens v. Norfolk andWestern Railway (Nov. 20, 1998), Scioto App. No. 97CA2548, unreported. Therefore, the trial court did not err or abuse its discretion by granting defendants-appellees' motion to dismiss the complaint, even in the purported absence of an order compelling discovery by the trial court.
Lastly, plaintiff-appellant's contention that defendants-appellees' motion to dismiss was rendered moot by her notice of service of responses to the outstanding discovery is not well taken. While it is true that plaintiff-appellant did file both the brief in opposition to the motion to dismiss as well as unverified answers to the outstanding discovery request, each was clearly filed out of rule and, therefore, not in compliance with the order of the trial court.
Plaintiff-appellant filed her brief in opposition to defendants-appellees' motion to dismiss on November 17, 1998, twenty days after the date the original motion was filed. In responding to a motion to dismiss, the party opposing the motion must respond within ten days of the filing of that motion. See Loc.R. 11 (C) of the Court of Common Pleas of Cuyahoga County, General Division, Civ.R. 4, Civ.R. 5, Sazima, supra, at 9. Similarly, plaintiff-appellant did not file her unverified answers to defendants — appellees' discovery requests until November 17, 1998. In light of the fact that the discovery requests were originally served upon plaintiff-appellant on May 7, 1998 and the trial court had previously ordered plaintiff-appellant to respond to the outstanding discovery by October 15, 1998; it cannot now be said that plaintiff-appellant's eleventh hour attempt at perfunctory compliance approximately six months after service of the discovery requests and one month after expiration of the court imposed deadline to respond with no showing of good cause for the undue delay does not constitute actual compliance.Sazima, citing Willis v. Peoples (Feb. 6, 1997), Cuyahoga App. No. 70535, unreported. Accordingly, defendants-appellees' motion to dismiss was not rendered moot by the filing of plaintiff-appellant's untimely pleadings.
For the foregoing reasons, plaintiff-appellant's first, second and third assignments of error are not well taken.
Judgment of the trial court is affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue but of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PORTER. A. J., and SWEENEY. JAMES D., J., CONCUR
 ___________________________________ MICHAEL J. CORRIGAN, JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22 (B), 22 (D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22 (E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also, S.Ct.Prac.R. II, Section 2 (A) (1).