OPINION
Plaintiffs-appellants, Dennis and Mary Mobley, appeal a decision of the Monroe County Court granting the motion of defendants-appellees, Birdie Pamer and Robert Marker, for default judgment for appellants' failure to appear or comply with discovery orders.
This case began as an eviction action filed by appellants in April 1998. Appellants also set forth a claim for damages, including rent arrearages. Appellees filed an answer setting forth the defense that the premises were substandard and unsafe in violation of among other things, R.C. 5321.04 and the common law warranty of habitability. Appellees also included two counterclaims for damages. The first counterclaim was for damages resulting from appellants' alleged failure to maintain the premises in a habitable condition, including but not limited to, not providing running water. The second counterclaim was for damages resulting from appellants allegedly interfering with appellees' attempt to initiate telephone service.
On November 4, 1998, the trial court granted appellants restitution of the premises, with damages to be determined by jury trial. Appellees filed a motion to supplement the record pursuant to Civ.R. 15(E) on May 12, 1999, which was served upon appellants' counsel on May 11, 1999. Appellees added a third counterclaim for conversion. Appellees alleged that while they were moving from the subject premises, appellants took possession of most of their personal belongings and had failed to return the items after repeated requests. Appellees requested $11,000 in damages as a result.
In a "Docket and Journal Entry" dated May 2, 1999, the trial court granted appellees' motion, stating:
 "This matter came before the Court upon Defendant's Motion to Supplement pursuant to Rule 15(E). Upon consideration of said Motion, the same is hereby GRANTED. Discovery to be completed within sixty days of the filing of this order. Dispositive motions, if any, are to be filed within ninety days. Case set for trial by jury on OCTOBER 13, 1993 [sic] at 9:00 A.M. Witness lists and exhibits that are to be used at trial are to be exchanged within 90 days and copies of same filed with the Court. Complete sets of jury instructions are to be filed within 10 days if a jury is requested. The parties are to advise the Court, in writing, whether the remaining issues in this action are to be tried to the Court or jury. This is to be done within 10 days. Any other motions are to be filed within 30 days of the trial date. Both parties are to file itemized statements of damages with the Court within 30 days of the scheduled trial date."
As appellees note, the date of this entry must be incorrect, considering appellees filed the motion to supplement on May 12, 1999. The earliest the order could have been filed would have been May 12, 1999, and thus the earliest possible discovery deadline would have been sixty days later, on July 11, 1999, and not thirty days after May 2, 1999 as asserted by appellants.
On June 3, 1999, appellees served appellants with a notice for a deposition and a request for the production of documents through regular mail. The deposition was conducted on July 7, 1999. On August 18, 1999, based on a motion filed by appellees that same day, the trial court granted appellees an extension of time for filing exhibit lists, witness lists, and dispositive motions. Appellees claimed that this extension was necessary due to appellants' failure to comply with previous discovery requests, which included letters sent to appellants' counsel on July 22, 1999 and July 27, 1999.
After appellants' continuing failure to comply with appellees' discovery requests, appellees filed a motion to compel and for a continuance on September 13, 1999. The trial court granted the motion on September 15, 1999, stating:
 "Upon motion of Defendants and for good cause shown, Plaintiffs shall fully comply with discovery and this Court's previous orders on or before October 6, 1999, the trial set for October 13, 1999 is continued until November 3, 1999, and should the Plaintiff's fail to comply with and this Court's previous orders by October 6, 1999, Defendants will be granted default judgment against the Plaintiffs on their amended counterclaim and Plaintiff's complaint will be dismissed. It is so ORDERED."
Appellants claim that they have never seen this order because it was never served upon them.
On October 4, 1999, appellants filed a motion in opposition to appellants' motion to compel. The trial court filed a "Docket and Journal Entry" on October 6, 1999, stating:
 "For the reasons stated in the Plaintiff's resources dated on October 4, 1999, Plaintiff's motion to compel is denied. Case is now set for trial by jury on November 3, 1999 at 9:00 A.M. Final pre-trial set October 27, 1999 at 9:30 A.M. Jury instructions to be filed by October 25, 1999 at 8:00 A.M."
From this entry, it is difficult to determine whether the trial court actually intended to deny defendants-appellees' motion to compel for the reasons stated in plaintiffs-appellants' October 4, 1999 motion, or to deny plaintiff-appellants' motion in opposition to the motion to compel, supported by the reassertion that the jury trial was continued until November 3, 1999.
Following the deadline for compliance that had previously been set for October 6, 1999 and continued failure of appellants to submit the requested information, appellees filed a notice of non-compliance on October 7, 1999. Appellees requested default judgment on their claims and dismissal of appellants' claims. On October 13, 1999, the court filed a "Docket and Journal Entry", stating, "Defendant's Motion for Default judgment, sanctions, and other relief scheduled for hearing on October 20, 1999 at 10:30 A.M." Appellants' counsel failed to appear for the hearing on October 20, 1999. In a "Docket and Journal Entry" dated October 21, 1999, the trial court stated:
 "Pursuant to this Court's order dated October 13, 1999, this matter came on for hearing on the Defendant's motion for default judgment, sanctions, and other relief scheduled this 20th day of October 1999 at 10:30 a.m. The Defendants appeared by their counsel, Robin Bozian of Southeastern Ohio Legal Services. Ms. Bozian advised the Court that she had been served with a copy of the Court's certified mail order dated October 14, 1999. The record reflected that a copy of the Court's October 13, 1999 order was sent to Attorney Love [plaintiffs-appellants' counsel] on October 13, 1999 and as of the date of hearing, no return of service had been made. The Court proceeded to hearing upon the motion for default judgment and for dismissal of the Plaintiff's Complaint. In light of Plaintiffs failure to appear or to comply with previous discovery orders, the Court does award default judgment as an appropriate sanction. Dismiss the Plaintiff's Complaint and order that the Defendants be granted default judgment in the amount of $11,000.00. Court costs to be assessed against the Plaintiffs."
This appeal followed.
Appellant raises four assignments of error. App.R. 16(A)(7), which establishes guidelines for the brief of an appellant, provides in pertinent part:
 "The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
"* * *
 "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary."
Despite appellants' failure to individually address each assignment of error as required by App.R. 16(A)(7), appellants' four assignments of error will be addressed separately.
Appellants' first assignment of error states:
 "THE TRIAL COURT ERRED IN GRANTING A JUDGMENT ON SEPT. 15, 1999 ON A MOTION FILED BY APPELLEE ON SEPT. 13, 1999 SINCE THAT DID NOT COMPORT WITH THE TIME REQUIREMENTS OF CIVIL RULE 6(D)."
Appellants appear to assign error to the trial court's grant of appellees' motion to compel on September 15, 1999 primarily because adequate notice of a hearing was not provided, even though the court never even held a hearing on the motion. They argue that the trial court's grant of appellees' motion to compel was entered two days after the motion to compel was filed, without sufficient notice for a hearing on the motion as required by Civ.R. 6(D).[1] According to appellants, neither a court order nor the Civil Rules reduced the seven-day notice requirement for a hearing on the motion to compel. Appellants cite to InRe Foreclosure of Liens for Delinquent Taxes (1992), 79 Ohio App.3d 766, in which the Second District Court of Appeals concluded that the trial court abused its discretion in setting a hearing date on a motion to vacate that did not comply with the seven-day notice requirement of Civ.R. 6(D). The Second District found that a party is entitled to sufficient notice and time to prepare for a hearing in order to avoid undue prejudice. Id. at 771.
The seven-day requirement of Civ.R. 6(D) would only apply in the event that a hearing was required on appellees' motion to compel. Civ.R. 37(A), which specifically addresses the procedure for filing a motion for an order compelling discovery, does not require that a hearing be held on the motion, unless expenses are awarded to the party favored by the trial court's motion disposition. Also, pursuant to Civ.R. 7(B)(2), "[t]o expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition." In this case, the trial court granted appellees' motion to compel without imposing an award of expenses, and thus granting the motion without a hearing was within the trial court's discretion.
Moreover, appellants had an opportunity to defend against appellees' motion to compel, in filing a reply to the motion on October 4, 1999, which the trial court evidently considered when once again ruling on the motion on October 6, 1999. Thus, any error in providing adequate notice for the trial court's September 15, 1999 grant of the motion was immaterial, because appellants' arguments were considered for the court's October 6, 1999 determination of the same motion.
Accordingly, appellants' first assignment of error is without merit.
Appellants' second assignment of error states:
 "THE TRIAL COURT ERRED WHEN IT ALLOWED A MOTION FOR SANCTIONS AND DEFAULT JUDGMENT TO PROCEED WHEN THE MOTION TO COMPEL UPON WHICH THESE LATTER MOTIONS WERE BASED WAS DENIED"
Appellants appear to argue that the trial court erred in granting appellees' motion for default judgment and sanctions, because the decision was partially based upon an improper order to compel granted on September 15, 1999, as argued in the first assignment of error. Also, appellants believe that the trial court's order of October 6, 1999 reversed the September 15, 1999 decision, and thus the motion for default judgment and sanctions could not be granted when the motion to compel was denied.
As indicated earlier, it is difficult to discern the import of the trial court's October 6, 1999 entry. On October 5, 1999, appellants filed a motion in opposition to appellees' motion to compel. From the entry filed by the trial court on October 6, 1999, it is difficult to determine whether the trial court actually intended to deny defendants-appellees'
motion to compel for the reasons stated in plaintiffs-appellants' October 4, 1999 motion, or to deny plaintiff-appellants' motion in opposition tothe motion to compel, supported by the reassertion that the jury trial was continued until November 3, 1999.
However, the ultimate intended decision of the trial court regarding appellees' motion to compel is unimportant. Civ.R. 37(B)(2) provides that if a party fails to obey an order to provide or permit discovery, the court may make such orders in regard to the failure as are just. In this case, there was a standing order for discovery reflected in judgment entries dated May 27, 1998 and May 2, 1999. Also, a party does not have to obtain and the adverse party does not have to violate an order compelling discovery as a prerequisite to a trial court's consideration of a motion for discovery sanctions. See Cunningham v. Garruto (1995),101 Ohio App.3d 656.
Accordingly, appellants' second assignment of error is without merit.
Appellants' third assignment of error states:
 "THE TRIAL COURT ERRED IN GRANTING ITS ORDER OF OCT. 21, 1999 BASED UPON A HEARING ON OCT. 20, 1999 WHEN THE TRIAL COURT'S RECORDS SHOWED THAT THE APPELLANTS DID NOT RECEIVE NOTICE OF THE 10-20-99 HEARING UNTIL 10-23-99, THREE DAYS AFTER THE HEARING."
Appellants argue that the trial court's October 21, 1999 entry was improper because appellants did not receive any notice of the October 20, 1999 hearing until October 23, 1999, as shown by the return receipt card in the trial court record.
There were two distinct facets to the trial court's hearing and subsequent decision. First, the court dismissed appellants' complaint against appellees. Second, the court granted default judgment to appellees' on their claim for damages against appellants.
Civ.R. 41(B)(1) provides:
 "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." (Emphasis added.)
"For purposes of Civ.R. 41(B)(1), counsel has notice of an impending dismissal with prejudice for failure to comply with a discovery order when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." Quonset Hut,Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46, syllabus.
Pursuant to Civ.R. 55, when a party defending a claim has failed to plead or otherwise defend that claim, the court may, upon motion, enter a default judgment on behalf of the party asserting the claim. Ohio ValleyRadiology Assoc., Inc. v. Ohio Valley Hosp. Assn. (1986),28 Ohio St.3d 118. However, if the party defending the action has made an appearance in the action, as appellants have done in this case, the trial court must provide that party with seven days notice of the hearing on the motion for default judgment prior to entering judgment. AMCAInternatl. Corp. v. Carlton (1984), 10 Ohio St.3d 88. "[T]he Civ.R. 55(A) notice requirement must be complied with even when a default judgment is imposed as a Civ.R. 37 sanction." Cunningham v. Garruto (1995),101 Ohio App.3d 656, 660.
In this case, there is little question that appellants did not receive notice of the October 20, 1999 hearing. The record reflects that the trial court chose to deliver notice of the hearing by certified mail. Pursuant to Civ.R. 4.6(D), service by certified mail is presumed complete when the certificate of mailing is entered in the record. In its judgment entry subsequent to the hearing, the court itself acknowledged that no return of service had been made relating to appellants' attorney.
Accordingly, appellants' third assignment of error has merit.
Appellants' fourth assignment of error states:
 "THE TRIAL COURT DENIED APPELLANTS DUE PROCESS BY GRANTING JUDGMENTS WITHOUT SUFFICIENT NOTICE PRIOR TO THE HEARINGS AND GRANTING ORDERS WITHOUT HEARINGS."
For the reasons stated under appellants' third assignment of error, we find that appellants' fourth assignment of error has merit to the extent that appellants did not receive notice of the October 20, 1999 hearing.
The judgment of the trial court is hereby reversed, judgment vacated and this matter is remanded to the trial court for further proceedings according to law and consistent with this court's opinion.
Cox, J., concurs, Waite, J., concurs
[1] "A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than seven days before the time fixed for the hearing, unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application. * * *"