DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Ross County Court of Common Pleas,[2] which denied Defendant-Appellants William and Linda McDonald's motion to vacate a default judgment entered against them and in favor of Plaintiff-Appellee Kingery's Black Run Ranch, Inc.
For the reasons that follow, we reverse the judgment of the trial court and remand the case for further proceedings not inconsistent with this opinion.
 Statement of the Case and Facts
This case commenced several years ago when Plaintiff-Appellee Kingery's Black Run Ranch, Inc. (Kingery), owner of a tract of land in Ross County, sued neighboring property owners for trespass. The neighbors, including Defendants-Appellants Linda and William McDonald, defended by asserting rights in the property acquired by means of adverse possession.[3] A trial was held in 1992, and Kingery's neighbors prevailed. The neighbors and appellants were found to have a possessory interest in the real estate in dispute.
In addition to finding in appellants' favor, the trial court ordered appellants to procure a survey of the real estate awarded them by the trial court. The survey was to include a metes and bounds description of the disputed property and a plat of the new property lines as described by the trial court in its entry. The survey was to be filed with the trial court for its approval. In addition, a supplemental entry reflecting the survey's content was to be presented for the trial court's approval. Evidently, appellants failed to comply with these instructions from the trial court.
Kingery appealed the trial court's original judgment that found appellants to be vested with an interest in the subject real estate. We dismissed this appeal on jurisdictional grounds, for lack of a final appealable order.
Thereafter, in May 1994, the trial court ordered the McDonalds to have the survey and description prepared and filed with the trial court in accordance with the trial court's 1992 Judgment Entry. Failing this, the trial court indicated that it would appoint a surveyor of its own choosing to complete these tasks.
In September 1994, the trial court did just that and appointed Ronald C. Donahue, Jr., to survey and describe the real estate. Donahue's appointment was made necessary by appellants' failure to comply with the trial court's order to employ a surveyor or engineer to prepare the metes and bounds description and file it with the court. Donahue did not file the survey with the trial court in an expeditious manner.
However, in the meantime, in January 1997, the trial court filed an order scheduling the case for a "Pre-Trial Hearing" to be held on January 27, 1997. Appellants, who apparently were without legal counsel at this time, neither entered an appearance, nor attended this January 27, 1997 hearing.
Thereafter, on March 19, 1997, the trial court filed a journal entry setting this matter for another hearing to be held on May 16, 1997, which was intended to facilitate the determination of a "Final Judgment Entry."
In the ensuing period, on March 24, 1997, Donahue finally filed his completed survey reflecting the interests of the corresponding parties in the disputed property under the original 1992 judgment.
Donahue's filing included two surveys of the disputed property. One survey included the interests appellants and another of the defendants had gained via their adverse possession claims. The other survey reflected certain property interests gained by other defendants as well as a possible easement in Kingery's favor over the property interests of those defendants.
Subsequent to Donahue's filing, on April 17, 1997, the trial court filed an "Entry of Default Judgment" indicating that appellants were in default of appearance because they had failed to appear at the January 27, 1997 pretrial conference and had made no appearance in the case for more than two years. This entry also indicated that pursuant to Civ.R. 55, the 1992 judgment in appellants' favor on their original adverse possession claim was vacated, thereby terminating and divesting them of any right and interest in, or title to, the subject real estate. Indubitably, the hearing scheduled for May 16, 1997, was not held since the April 17, 1997 judgment of the trial court obviated any necessity for it.
On August 28, 1997, and by agreement of the remaining parties, the trial court filed a subsequent entry designated as the "Final Judgment Entry." This order incorporated one of the surveys performed by Donahue. The survey incorporated into the final judgment entry describes the property interests of one of the neighbors, Edward Coonrod, and a proposed easement, which he granted to Kingery. The "Final Judgment Entry" does not address appellants' property interests that were extinguished through the default judgment entry. Presumably, appellants' property lines remained the same as they were prior to the 1992 judgment.
In April 1999, roughly two years after the trial court's entry of default judgment against them, appellants filed a motion to vacate the default judgment and final judgment entry. Apparently this motion was precipitated by Kingery's attempt to eject appellants from the property they would have owned pursuant to the 1992 judgment in appellants' favor and the adverse possession finding, absent the entry of default judgment that vacated that award.[4] The trial court denied this motion in September 1999.
This appeal ensued, presenting one assignment of error for our consideration.
 THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION TO VACATE A DEFAULT JUDGMENT.
 Analysis of Issues Presented
Appellants argue that the trial court's decision to enter default judgment against them was in contravention to Civ.R. 55. Appellants also argue that if the default judgment was entered against them as a sanction, it was entered without due process and is void because the trial court did not give notice to appellants prior to its entry.
Finally, appellants argue that because this Court dismissed Kingery's original appeal for lack of a final appealable order, the trial court's entry of default judgment was beyond the scope of remand. In addition, appellants contend that Civ.R. 60(B) does not govern the motion to vacate that they filed with the trial court.
On appeal, the denial of a motion such as the one made by appellants in the case sub judice is reviewed to determine whether the trial court abused its discretion. See Dunkle v. Dunkle (1999), 135 Ohio App.3d 669,735 N.E.2d 469; Sulfridge v. Kindle (Sept. 25, 2001), Adams App. No. 00CA700, unreported; Johnson v. Adullam Ministries (Mar. 27, 2000), Athens App. No. 99CA48, unreported; Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 520 N.E.2d 564. An abuse of discretion connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary; it involves more than an error of judgment, and upon review an appellate court should not simply substitute its own judgment for that of the trial court. See Sulfridge and Johnson, supra; see, also, Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140, 1142. With this standard of review in place we proceed to our analysis of the issues presented.
Our analysis begins with the issue of whether Civ.R. 60(B) governs the motion to vacate that appellants filed with the trial court. If Civ.R. 60(B) does indeed govern appellants' motion, the ensuing related issue is whether appellants' motion complies with the requirements of Civ.R. 60(B).
In their brief before this Court, appellants correctly points out the established precedent that, "The authority to vacate a void judgment is not derived from Civ.R. 60(B) but rather constitutes an inherent power possessed by Ohio courts." (Emphasis added.) Patton v. Diemer (1988),35 Ohio St.3d 68, 518 N.E.2d 941, paragraph four of the syllabus, citing Lincoln Tavern v. Snader (1956), 165 Ohio St. 61, 133 N.E.2d 606, paragraph one of the syllabus; Westmoreland v. Valley Homes Corp. (1975),42 Ohio St.2d 291, 294, 328 N.E.2d 406, 409; see, also, Cincinnati Insurance Co. v. Emge (1997), 124 Ohio App.3d 61, 705 N.E.2d 408.
However, there is a clear distinction between a judgment that is void or merely erroneous or irregular. See Patton, supra. A void judgment is one that is rendered by a court that is "wholly without jurisdiction or power to proceed in that manner." In re Lockhart (1952), 157 Ohio St. 192,195, 105 N.E.2d 35, 37. For instance, a judgment entered over a party who has not received proper service to notify them of the commencement of the action is void for a lack of personal jurisdiction. See Emge, supra. "The circumstances under which judgments are declared to be void are rare. A judgment is void only where the court lacks jurisdiction of the subject matter or of the parties or where the court acts in a manner contrary to due process." Rondy v. Rondy (1983), 13 Ohio App.3d 19, 22, 468 N.E.2d 81,84.
Appellants argue that since the trial court was without authority to enter the default judgment against them, the judgment is void. Additionally appellants argue that the trial court's failure to give the requisite seven-day advance notice before entering default judgment also renders the judgment void.
Civ.R. 55(A) in part provides:
 Entry of judgment. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; * * *. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. Civ.R. 55(A).
Appellants are correct in their argument that the trial court's entry of default judgment does not conform to the usual requirements of Civ.R. 55. On its face, Civ.R. 55(A) provides that default judgment is appropriate when a defendant "has failed to plead or otherwise defend" against an action commenced against them. See Civ.R. 55(A); Reese v. Proppe (1981), 3 Ohio App.3d 103, 443 N.E.2d 992. In the case sub judice, not only did appellants plead and defend the trespass action brought by Kingery, they were successful at trial on their claim of adverse possession. Thus, the trial court's apparent sua sponte entry of default judgment was erroneous and without authority.
Furthermore, because there is no doubt appellants did appear in the action against them, even if the trial court was in a position to enter default judgment it did not comply with Civ.R. 55(A) because it failed to provide appellants notice of the potential default judgment seven days prior to its decision or hearing on a motion for default judgment. See Civ.R. 55(A); AMCA Int'l Corp. v. Carlton (1984), 10 Ohio St.3d 88,461 N.E.2d 1282. A default judgment entered against a party that has made an appearance is void if entered without the required seven-day notice. See id., citing H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe (C.A.D.C. 1970), 432 F.2d 689; Bass v. Hoagland (C.A. 5, 1949),172 F.2d 205, certiorari denied (1949), 338 U.S. 816 (holding that a default against a defendant is void and without due process where the appearing defendant is not afforded the benefit of service of the three-day notice and hence is susceptible to collateral attack); see, also, Deluca v. BancOhio Nat'l Bank, Inc. (Nov. 30, 1989), Franklin App. No. 89AP-648, unreported.
Appellee argues that this was not an actual default judgment as delineated by the trial court but was in fact some form of sanction. Thus, appellee concludes that the trial court was not required to comply with Civ.R. 55(A), nor to give the seven-day notice as required by it.
We agree with appellants that it appears that the trial court's default judgment entry was in fact an attempt to impose a sanction upon them. The entry itself claims that the default judgment was being entered because of appellants' failure to appear at a scheduled "pre-trial" conference.[5] Whether the alleged attempted sanction was being imposed for failure to appear at the "pre-trial" conference, or for appellants' protracted refusal to comply with the court's order to procure a survey and file it with the court along with a proper judgment entry for the court's approval, is immaterial. We find no authority to support the action taken by the trial court.
Pursuant to the Ohio Civil Rules of Procedure, default judgment is properly used as a sanction only when a party willingly refuses to comply with a court's order to compel discovery or fails to attend its own deposition. See Civ.R. 37(B)(2)(c) and (D). Neither of these scenarios are at play in the case presently at bar. But it is noteworthy that even in these scenarios, the notice requirements of Civ.R. 55(A) must be met for the default judgment to be valid. See Cunningham v. Garruto (1995),101 Ohio App.3d 656, 656 N.E.2d 392; Stephani Weissenberger, Weissenberger's Ohio Civil Procedure 2001 Litigation Manual (2000) 376.
In lieu of the action taken by the trial court, a court is authorized to proceed ex parte or hold contempt proceedings against the non-compliant party, proceeding via R.C. 2705.02(A) or its own inherent authority to enforce its judgments. See Zakany v. Zakany (1984),9 Ohio St.3d 192, 459 N.E.2d 870; R.C. 2705.01 et seq.; see, also, Civ.R. 70.[6]
Thus, although we empathize with the trial court's obvious frustration with appellants' failure to comply with its order and its desire to bring the case to conclusion, we find that its sua sponte default judgment entered without proper notice was and is void.
Accordingly, appellants' motion was not required to comply with the requirements of Civ.R. 60(B) because the trial court has inherent authority to vacate judgments that are void. See Patton v. Diemer,35 Ohio St.3d 68, 518 N.E.2d 941, paragraph four of the syllabus.
Therefore, we find that the trial court abused its discretion in denying appellants' motion to vacate the trial court's judgments entered on April 17, 1997 and August 28, 1997.[7]
Accordingly we find appellants' assignment of error to be meritorious. The judgment of the trial court is REVERSED and remanded for further proceedings not inconsistent with this opinion.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the ROSS COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J., and Kline, J.: Concur in Judgment Only.
[2] We note that various judges sitting by assignment have been involved with, and have filed entries in, this case. Although the various judges have been involved, collectively, they are referred to as the trial court in this discussion.
[3] Defendants other then the McDonalds were involved in the proceedings below and also prevailed on their adverse possession claims. However, the other defendants are not involved in, nor are they parties to, this appeal.
[4] Appellants allege that a boundary line created by the "Final Judgment Entry" dissects their home and that Kingery attempted to eject them from their home. Kingery contends that the so-called home is in fact a trailer home, not owned by appellants and leased to someone not involved in this action. These allegations are immaterial and irrelevant to the issues presented and no evidence was put forth in the trial court to support these allegations.
[5] We note that since there had already been a trial, there was no need for a "pre-trial" conference. However, the court's intent, most likely, was to gather the parties together to determine what needed to take place to bring the case to its final conclusion. Thus, due to the unique procedural posture of this case, the term "pre-trial" was likely used for lack of a better term.
[6] We also note that, prior to the trial court's entry of default judgment, the court-appointed surveyor filed the required surveys with the trial court. According to Civ.R. 70, appellants should have been deemed to have complied, at least in part, with the 1992 judgment when the surveys were filed with the trial court. However, this does not obviate a court's power to bring contempt proceedings for violating a lawful court order. See Civ.R. 70; Zakany, supra.
[7] The abandonment of the "Final Judgment Entry" filed in August 1997, which was an "agreed entry and stipulation" involving "the remaining parties" (i.e., the parties remaining after the default judgment) is necessitated because the default judgment was void and the August 1997 entry is based on the default judgment entry.