AMCA International Corp., d.b.a. Morgan Engineering, Appellant,
*v.* Carlton, Appellee, et al.

[Cite as AMCA Internatl. Corp. *v.* Carlton (1984), 10 Ohio St. 3d 88.]

(No. 83-766—Decided April 18, 1984.)

*Messrs. Squire, Sanders & Dempsey, Mr. Robert H. Gillespy, Mr. Frank J. Pokorny* and *Mr. Howard J. Nichols,* for appellant.

*Messrs. Gutierrez, Mackey & Gwin* and *Mr. James S. Gwin,* for appellee.

*Per Curiam.* The basic issue presented is whether the trial court erred in entering a default judgment against appellant-employer under the circumstances of this case. This court holds that the trial court violated Civ. R. 55(A) in entering the default judgment and hence such judgment was improper.

The proper procedure for holding a party in default is set forth in Civ. R. 55(A) which provides in pertinent part as follows:

"Entry of judgment. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) *shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. * * *''* (Emphasis added.)

This court must thus initially determine whether appellant "appeared in this action" so as to trigger the seven-day notice requirement set forth in Civ. R. 55(A). Under the facts of this case, there is little question but that appellant-employer's actions constituted an appearance. Indeed, it was the appellant-employer who initiated this cause by submitting itself to the jurisdiction of the Court of Common Pleas of Stark County by filing a notice of appeal from the order of the Industrial Commission as required by R.C. 4123.519. In addition, the record indicates that appellant-employer had also had a telephone conversation in which appellee-claimant's attorney was made sufficiently aware of appellant-employer's intention to defend the suit. (Cf. *Hutton* v. *Fisher* [C.A. 3, 1966], 359 F. 2d 913.)

Before a default judgment could properly be entered, then, appellant-employer, by virtue of its appearance, was entitled to receive notice of the application for judgment at least seven days prior to the hearing on such application. The plain language of Civ. R. 55(A) so demands.

The record clearly indicates, however, that this time prescription was not observed — the motion for default judgment was filed on October 5, 1982, and the trial court entered the default judgment the next day, October 6,

1982. Inasmuch as the mandatory time prescription set forth in Civ. R. 55(A) was not observed by the trial court, the entry of the default judgment was improper.

Federal courts, in addressing similar facts under the corresponding federal rule,[1] have resolved this issue in a like fashion. It has been consistently held that a defendant who has appeared in the action is entitled to service of an application for default judgment prior to its entry, and where service is required, a default judgment entered without service must be vacated or reversed on appeal. *H.F. Livermore Corp.* v. *Aktiengesellschaft Gebruder Loepfe* (C.A.D.C. 1970), 432 F. 2d 689; *Bass* v. *Hoagland* (C.A. 5, 1949), 172 F. 2d 205, certiorari denied (1949), 338 U.S. 816, holding that a default against a defendant is void and without due process where the appearing defendant is not afforded the benefit of service of the three-day notice and hence is susceptible to collateral attack; *Commercial Cas. Ins. Co.* v. *White Line Transfer & Storage Co., Inc.* (C.A. 8, 1940), 114 F. 2d 946; *Hoffman* v. *New Jersey Federation etc.* (C.A. 3, 1939), 106 F. 2d 204; *Press* v. *Forest Laboratories, Inc.* (S.D.N.Y. 1968), 45 F.R.D. 354.

Moreover, this court's holding today is in keeping with the spirit of Civ. R. 55(A) in particular and with the Civil Rules in general. A notice requirement similar to the one in Civ. R. 55 has been described as follows: It is "* * * a device intended to protect those parties who, although delaying in a formal sense by failing to file [timely] pleadings * * *, have otherwise indicated to the moving party a clear purpose to defend the suit."[2] As discussed above, appellant-employer made clear its purpose to defend the suit. The purpose of the notice requirement will be emasculated if appellant-employer is not given sufficient time (*i.e.*, seven days) to show cause why it should be allowed to file a late answer and to show that it had a meritorious defense.

More generally, the policy underlying the modernization of the Civil Rules—*i.e.*, the abandonment or relaxation of restrictive rules which prevent hearing of cases on their merits—is central to this issue and this court has long been mindful of this policy in its construction of the rules. See, *e.g.*, *Perotti* v. *Ferguson* (1983), 7 Ohio St. 3d 1, *Maritime Manufacturers, Inc.* v. *Hi-Skipper Marina* (1982), 70 Ohio St. 2d 257 [24 O.O.3d 344], *DeHart* v. *Aetna Life Ins. Co.* (1982), 69 Ohio St. 2d 189, 192 [23 O.O.3d 210], *Zuljevic* v. *Midland-Ross* (1980), 62 Ohio St. 2d 116, 119 [16 O.O.3d 140].

---

[1] Fed. R. Civ. P. 55(b)(2) states in part:

"If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application."

[2] *H. F. Livermore Corp.* v. *Aktiengesellschaft Gebruder Loepfe* (C.A.D.C. 1970), 432 F. 2d 689, 691, construing Fed. R. Civ. P. 55(b)(2) (see fn. 1).

Since the entry of the default judgment was in violation of the provisions of Civ. R. 55(A), the judgment of the court of appeals is hereby reversed and the cause is remanded to the trial court for further proceedings.[3]

*Judgment reversed and*
*cause remanded.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

---

[3] This decision is specifically limited to the propriety of the default judgment entry with respect to the mandated seven-day notice requirement of Civ. R. 55(A). This court expresses no opinion as to the merits of the default judgment which may be raised upon remand.