OPINION
Defendants-appellants Louis and Laura Stern appeal the decision of the Jefferson County Common Pleas Court which entered default judgment in favor of plaintiffs-appellees Lanson and Joyce Stern. For the following reasons, the trial court's judgment is reversed and this case is remanded for further proceedings.
In March 1995, appellees filed a complaint and an amended complaint alleging that appellants interfered with implied easements for water, sewer and access. In their answer, appellants admitted the existence of the implied easements but denied interference. The trial was set for July 8, 1997, on which date the court granted appellees leave to file a second amended complaint[1] adding Steven and Mary Lou Stern as defendants. Additionally, the court ruled that the case would be bifurcated into a trial of the equitable issues and then a trial of the legal issues.[2]
Appellees filed their second amended complaint the next day. Summonses on the complaint were issued. Louis' summons was mailed to his last known address in Georgia. Laura's was mailed to her last known address at a P.O. Box but was returned, "Attempted-Not Known." On August 6, Laura's summons was served on a family member at a residential address. On August 7, Louis filed a prose answer denying interference with access and water and stating that appellees' sewage leachfield, which was located on his property, was not permitted by the health department.
On October 20, the court sent notices to the parties setting the trial date for October 31, 1997. Once again, the court mailed Laura's notice to the P.O. Box, and once again, the letter was returned. On October 31, neither Louis nor Laura appeared for trial. Apparently, Laura called the court that morning and said that she had no notice of the trial. Regardless, the court granted default on the issue of liability and held an ex parte
hearing on damages. That day, judgment was issued in favor of appellees in the amount of $44,835 which represented $21,410 in compensatory damages, $10,705 in punitive damages, and $12,720 in attorneys' fees. Appellants filed the within timely appeal, setting forth two assignments of error that basically contest the propriety of the judgment entered against them by the trial court.
Pertinent to our inquiry are the following comments made by the trial court on October 31, 1997:
 "Notice [of the trial date] wasn't delivered because apparently they moved and never left us a forwarding address, which is consistent with the fact that they're also in default on an answer on the amended complaint. * * * I think that the Defendants are in default and therefore the liability issues are — should be conceded.
 Plus they admitted the easement in the — in the original answer they admitted the easement and they're in default with respect to the — amended complaint. So, I think we're going to go straight to damages and that's where we are." (Tr. 6-7).
 "* * *. They're also in default of an answer on the amended complaint. So, I think that Plaintiffs would be entitled to a default judgment simply by means — by reason of the fact that the Defendants have failed to answer the amended complaint.
 Even if they weren't entitled to a default for that, they would be entitled to a default because the Defendants have not appeared today. And even if they weren't entitled to that default, the evidence is clear on the liability issues given that the — the original answers admitted the easements." (Tr. 60).
Pursuant to Civ.R. 55 (A):
 "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *. If the party against whom judgment by default is sought has appeared in the action, be * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application."
First, we note that there is no mention in the record that appellees made a written or oral application for default judgment as required by Civ.R. 55 (A). It appears that the court entered default judgment sua sponte. Next, we reiterate that the trial court found that appellants failed to answer the second amended complaint. Although Louis filed an answer to the second amended complaint on August 7, 1997, this answer was untimely and leave was never sought to file an untimely answer.[3] Thus, the court apparently found, in accordance with Civ.R. 55 (A), that appellants "failed to plead or otherwise defend as provided by [the] rules." Upon such a finding, default judgment could be entered against appellees.
However, according to the plain language of Civ.R. 55 (A), if appellees have previously "appeared in the action," then they were entitled to written notice seven days prior to a hearing on the application for default judgment. AMCA Internatl. Corp. v.Carlton (1984), 10 Ohio St.3d 88, 90. A policy reason behind this requirement is to give a defendant who has made some type of effort to appear in a case the opportunity to move for an extension of time to file an answer or to put on proof at the default hearing. See Staff Note 2 to Civ.R. 55. Furthermore, the Supreme Court's policy with regards to issues such as these entails "the abandonment or relaxation of restrictive rules which prevent hearing of cases on their merits." AMCA, supra at 91.
It is clear that appellants have previously "appeared in the action." For instance, the parties agreed to an indefinite continuance of the action in May 1995, appellants filed an answer to the original complaint and the first amended complaint in August 1995, appellants sought to have the continuance of the case dissolved in May 1996, the parties attended a pretrial in April 1997, and Louis attended what was scheduled to be the trial in July 1997. Moreover, Louis' untimely answer demonstrates his intent to defend against the action. Id. at 90-91 (stating that the defendant must be given seven day notice and permitted to show cause why he should be permitted to file a late answer). Because appellants previously appeared in the case, they were entitled to written notice that default may be entered against them. It is undisputed that no such notice existed.
Appellees argue that the court properly conducted an ex parte trial in accordance with Ohio Valley Radiology Assoc., Inc. v.Ohio Valley Hosp. Assoc. (1986), 28 Ohio St.3d 118. This case states that an ex parte trial on the merits may be held where a defendant who has properly answered fails to appear at a trial of which he had notice. Id. at 123. However, this case is not applicable for a few reasons. Initially, we point out that it is questionable whether Laura had advance notice of the trial date. Laura's notice, which was mailed out eleven days before trial, was returned "Attempted-Not Known" after being sent to a P.O. Box which does not appear to be her last known address.[4]
Moreover, as appellees themselves argue, appellants did not properly answer the second amended complaint, making Ohio Valley
inapplicable. Most importantly, the trial court did not hold anex parte trial on the merits; it merely held an ex parte hearing on damages after finding that the liability issues were conceded by default.
In the alternative, the trial court concluded, "even if they weren't entitled to that default, the evidence is clear on the liability issues given that the — the original answer admitted the easements." However, the existence of the easements is not the source of appellants' potential liability for damages. The source of liability is appellants' alleged interference with the existing easements. Such interference was denied by appellants in the original answer and thereafter. Thus, this statement by the trial court is plainly erroneous.
It is clear from the record that, on October 31, 1997, the court entered default judgment against appellants, held a hearing on damages, and then awarded $44,835 to appellees. As aforementioned, the trial court failed to follow the proper procedure for entering default judgment against a party who has previously appeared in the action.
For the foregoing reasons, the default judgment which was entered against appellants is reversed and this cause is remanded to the trial court for further proceedings consistent with this court's opinion and according to law.
Cox, P.J., concurs.
Donofrio, J., concurs.
APPROVED:
 __________________________________ JOSEPH J. VUKOVICH, JUDGE
[1] Contrary to appellants' brief, there was no third amended complaint.
[2] The trial of the equitable issues occurred on October 9, 1997 and involved defendants Mary Lou and Steven Stern. The appeal of that case is currently before this court in the case ofStern v. Stern, Jefferson App. No. 97 JE 77.
[3] Pursuant to Civ.R. 15 (A), appellants had fourteen days after service of summons to file an answer to the second amended complaint. As appellees's second amended complaint was filed on July 9 and mailed out on July 10, Louis' August 7 answer was untimely. It appears that he was calculating time using the standard twenty-eight days during which a defendant has to file an answer to the original complaint. See Civ.R. 12 (A) (1). Furthermore, Louis' answer did not technically comply with the rules for certification of service since it did not contain Louis' signature or explain the date or manner of service upon appellees. See Civ.R. 5 (D).
[4] Appellees claim that they served the summons on their second amended complaint by residential service upon Laura Stern. The return on the summons shows that this residential service occurred at 1036 Amsterdam Road in Carroll County on August 6, 1997. Thus, technically this was Laura's last known address, not the P.O. Box which had repeatedly resulted in returned mail.