[Cite as *Sylvester v. Keister*, 2011-Ohio-778.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| ANTHONY SYLVESTER, ET AL | : | Hon. Julie A. Edwards, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Plaintiffs-Appellees | : | Hon. William B. Hoffman, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2010-CA-00078 |
| AARON M. KEISTER | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Civil appeal from the Stark County Court of Common Pleas Court, Case No.2009CV04855

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    February 14, 2011

APPEARANCES:

For Plaintiffs-Appellees

DOUGLAS C. BOND
MORELLO & BOND
700 Courtyard Centre
116 Cleveland Ave., N.W.
Canton, OH  44702

For Defendants-Appellants

ADAM E. CARR
The Carr Law Office, LLC
5824 Akron-Cleveland Rd., Ste. A
Hudson, OH 44236

[Cite as *Sylvester v. Keister*, 2011-Ohio-778.]

*Gwin, J.*

{¶1} Defendant Aaron M. Keister appeals a default judgment of the Court of Common Pleas of Stark County, Ohio, and the subsequent judgment awarding damages to plaintiffs-appellees Anthony and Heather Sylvester. Appellant assigns four errors to the trial court:

{¶2} "I. THE TRIAL COURT ERRED IN ENTERING A DEFAULT JUDGMENT WITHOUT THE HEARING REQUIRED BY CIV. R. 55 (A).

{¶3} "II. THE TRIAL COURT ERRED IN FAILING TO SET ASIDE ITS OWN VOID DEFAULT JUDGMENT.

{¶4} "III. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO GRANT RELIEF FROM THE JUDGMENT.

{¶5} "IV. THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING EXCESSIVE DAMAGES."

{¶6} The record indicates the case arose out of an automobile accident on December 21, 2007. Appellees allege appellant drove his vehicle negligently, striking the vehicle driven by appellee Anthony Sylvester with his wife, appellee Heather Sylvester as a passenger. Attorney Douglas Bond became appellees' counsel after their original counsel withdrew from the case. Bond worked unsuccessfully with the insurance adjuster for appellant's insurance company to settle the case. Appellees filed their complaint on December 18, 2009, and appellant was served on January 2, 2010.

{¶7} Sometime in late January or early February of 2010, Attorney Bond spoke with the insurance adjuster, who offered a settlement of $10,000.00 for appellee

Heather Sylvester's claim only. On February 3, 2010, Attorney Bond faxed a letter to the insurance adjuster rejecting the offer. He included a courtesy copy of the complaint.

{¶8} On two occasions appellant personally called Attorney Bond's office and left messages. On the second occasion, he asked Attorney Bond if he needed an attorney. On February 15 and 17, Attorney David Sims' office called and left messages referencing the case. The messages did not indicate that Attorney Sims was representing appellant.

{¶9} Appellees filed their motion for default judgment on February 16, 2010, and the court sustained the motion the same day. The court scheduled a hearing on damages for March 5, 2010.

{¶10} On March 4, 2010, appellant filed a motion pursuant to Civ. R. 6 (B), asking the court to vacate its default judgment because the motion for default judgment stated appellant had not appeared in the action. Appellant alleged his failure to file a timely answer was the result of excusable neglect. Appellant also filed a motion pursuant to Civ. R. 11, asking the court to strike appellees' motion for default judgment as sham, because, appellant alleged, the motion deliberately misled the court into believing he had not appeared in the case in spite of his failure to answer the complaint.

{¶11} The trial court conducted a hearing on the motions. Attorney Bond appeared pursuant to a subpoena duces tecum and testified regarding his contacts with the insurance company, appellant, and Attorney Simms' office. Appellant did not present any evidence except that he cross-examined Attorney Bond.

{¶12} The trial court overruled the motion to set aside the default judgment, and awarded damages to appellees.

I.

**{¶13}** In his first assignment of error, appellant argues he was entitled to notice at least seven days before the hearing on the motion for default.

**{¶14}** Civ. R. 55 (A) provides in pertinent part:

**{¶15}** "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; *** If the party against whom judgment by default is sought has appeared in the action, he*** shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. ***"

**{¶16}** The law disfavors default judgments. *Suki v. Blume* (1983), 9 Ohio App. 3d 289, 459 N.E. 2d 1311. Cases should be decided on their merits whenever possible. *National Mutual Insurance Company v. Papenhagen* (1987), 30 Ohio St. 3d 14, 15, 505 N.E. 2d 980.

**{¶17}** Courts have frequently addressed the issue of when a party has made an appearance sufficient to trigger the requirement of notice before a default judgment is entered. In *AMCA International Corporation v. Carlton* (1984), 10 Ohio St. 3d 88, 461 N.E. 2d 1282, the Ohio Supreme Court found a party who filed a notice of appeal from an order of the Industrial Commission, and later conducted a telephone conversation with opposing counsel with regard to a default judgment motion, has made opposing counsel sufficiently aware the party intended to defend the action. The Ohio Supreme Court found under these conditions, the party had made an "appearance" and was entitled to the seven day notice. The Supreme Court recognized Civ. R. 55's notice

requirement is intended to protect parties who failed to appear in a formal sense by timely filing a pleading, but have otherwise indicated to the opposing party a clear purpose to defend the suit. *AMCA,* supra, at 91.

{¶18} In *Kebler v Prudential Property & Casualty Insurance Company,* Muskingum App. No. CT2002-0036, 2003-Ohio-2145, an estate had notice the opposing party was represented by counsel. The estate did not notify the court of this when it filed for default judgment. This court ruled the default judgment was premature and invalid

{¶19} A defendant who appears at a case management conference pro se has entered an appearance even though he has not filed an answer.  *Mattress Distributors, Inc. v. Cook,* Cuyahoga App. No. 81794, 2003-Ohio-1361. Courts have found even where a defendant's filing is subsequent to the plaintiff's motion for default but prior to the court's ruling on it, the defendant has made an appearance.  See *Hartmann v. Ohio Crime Victims Reparations Fund* (2000), 138 Ohio App. 3d 235, 741 N.E. 2d 149; *Lexus-Nexus Division of Reed Elsevier, Inc. v. Robert Binns Association, Inc.* (December 1, 1998), Franklin App. No. 98 AP-228.

{¶20} By contrast, where a corporate officer telephoned the employee's attorney, this did not constitute appearance on behalf of the employee, because the call was merely to inform the employee's attorney the corporation's counsel was unavailable for a court appearance.  *Alliance Group, Inc. v. Rosenfield* (1996), 115 Ohio App. 3d 380, 685 N.E. 2d 570.  Likewise, a phone call made to the county prosecutor's office two years after an in rem foreclosure action was filed, and one month after the sheriff's sale of the property, did not demonstrate a clear intention to defend the foreclosure

action or to redeem the property.   *Hall v. Trapper John's Canoe Livery, Inc.* (1996), 15 Ohio App. 3d 162, 684 N.E. 2d 1277.

**{¶21}** The record in this case demonstrates appellant personally called Attorney Bond on two occasions, the second time leaving a message to ask if he needed a lawyer. Neither of these messages demonstrates a clear intent to defend the lawsuit. Likewise, the contact between the insurance adjuster and counsel, while constituting efforts to settle the case, did not demonstrate a clear intent to defend, particularly when the adjuster received a courtesy copy of the complaint but apparently did nothing in response.   Finally, the messages from Attorney David Sims' office referenced the case but did not indicate Sims or appellant had a specific intent to defend.

**{¶22}** We find the trial court did not err in finding appellant failed to show his failure to answer was caused by excusable neglect, and therefore, he was not entitled to notice in the hearing required in Civ. R. 55 (A).

**{¶23}** The first assignment of error is overruled.

II.

**{¶24}** In his second assignment of error appellant argues the trial court should have set aside the default judgment because it was void.  Based upon our findings in I, supra, we find the default judgment was not void.

**{¶25}** The second assignment of error is overruled.

III.

**{¶26}** In his third assignment of error, appellant argues the trial court abused its discretion in failing to grant relief from judgment.

**{¶27}** Civ. R. 6 (B) states:

**{¶28}** "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rule 50(B), Rule 59(B), Rule 59(D), and Rule 60(B), except to the extent and under the conditions stated in them."

**{¶29}** Appellant cites us to Civ. R. 60 (B). Actually, appellant's motion was made pursuant to Civ. R. 6 (B). Civ. R. 60(B) also permits a court to grant relief from a final judgment for various reasons, including excusable neglect. Appellant's motion pursuant to Civ. R. 6 was the appropriate one, because a default judgment without an award of damages was not a final order, and a motion based upon Civ. R. 60 (B) would have been premature.

**{¶30}** The Rules specifically state a motion made pursuant to Civ. R. 6 is directed to the trial court's discretion. This court cannot reverse a trial court's determination on a motion made pursuant to Civ. R. 6 (B), unless we find the trial court abused its discretion. The Supreme Court has repeatedly defined the term abuse of discretion as demonstrating the trial court's attitude is unreasonable, arbitrary, or unconscionable. See, e.g., *Blakemore v. Blakemore* (1983), 5 Ohio St. 3d 217, 219, 450 N.E. 2d 1170.

{¶31} Based upon our reasoning in I, supra, we find the trial court did not abuse its discretion in determining there was no excusable neglect or fraud on the part of appellees when they filed for default judgment representing appellant had not appeared in the case.

{¶32} The third assignment of error is overruled.

IV

{¶33} In his fourth assignment of error appellant asserts the court's damage award was excessive. Appellee Anthony Sylvester received $25,000; his medical bills were approximately $365 and lost income was at least $8,000. Heather Sylvester received $95,700; her medical bills were $10,720. Both appellees also had claims for lost consortium. The court found that although Anthony Sylvester's injuries, pain, and suffering had resolved by the time of the damage hearing, Heather Sylvester had continuing severe pain and disability.

{¶34} The assessment of damages is within the province of the trier of fact, and a reviewing court may not reverse the trier of fact's assessment absent an affirmative finding of passion and prejudice or a finding that the award is manifestly excessive. See *Moskovitz v. Mt. Sinai Medical. Center* (1994), 69 Ohio St.3d 638, 655, 635 N.E.2d 331, citing *Toledo, Columbus & Ohio River RR. Co. v. Miller* (1923), 108 Ohio St. 388, 402-03, 140 N.E. 617.

{¶35} We have reviewed the record and find the court's findings are supported by the record. We conclude the trial court did not err in calculating the damage award.

{¶36} The fourth assignment of error is overruled.

{¶37} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

By Gwin, J.,

Edwards, P.J., and

Hoffman, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. JULIE A. EDWARDS

_____
HON. WILLIAM B. HOFFMAN

WSG:clw 0208

[Cite as *Sylvester v. Keister*, 2011-Ohio-778.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

ANTHONY SYLVESTER, ET AL                :
                                        :
            Plaintiffs-Appellees        :
                                        :
                                        :
-vs-                                    :          JUDGMENT ENTRY
                                        :
AARON M. KEISTER                        :
                                        :
                                        :
            Defendant-Appellant         :          CASE NO. 2010-CA-00078


        For the reasons stated in our accompanying Memorandum-Opinion, the

judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to

appellant.


                                        _____
                                        HON. W. SCOTT GWIN


                                        _____
                                        HON. JULIE A. EDWARDS


                                        _____
                                        HON. WILLIAM B. HOFFMAN