[Cite as *Hicks v. Extended Family Concepts*, 2011-Ohio-3227.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| ANDREA S. HICKS, EXECUTOR OF THE ESTATE OF THELMA A. GREDICK | : | JUDGES: |
|  | : | W. Scott Gwin, P.J. |
|  | : | Julie A. Edwards, J. |
|  | : | Patricia A. Delaney, J. |
|  | : |  |
| Plaintiff-Appellee | : | Case Nos. 2010CA00159 & |
|  | : | 2010CA00183 |
| -vs- | : |  |
|  | : |  |
|  | : | O P I N I O N |
| EXTENDED FAMILY CONCEPTS, DBA HEATHER RIDGE COMMONS |  |  |
|  |  |  |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:              Civil Appeal from Stark County
                                     Court of Common Pleas Case No.
                                     2010CV01383

JUDGMENT:                            Affirmed In Part and Reversed
                                     and Remanded In Part

DATE OF JUDGMENT ENTRY:              June 27, 2011

APPEARANCES:

For Plaintiff-Appellee               For Defendant-Appellant

JAMES R. RECUPERO                    D. CHERYL ATWELL
4450 Belden Village Street, N.W.     W. BRADFORD LONGBRAKE
Suite 403                            ANDREW D. JAMISON
Canton, Ohio  44718                  Reminger Co., LPA
                                     200 Courtyard Square
                                     80 South Summit Street
                                     Akron, Ohio  44308

                                     JOHN RAMSEY
                                     Tzangas, Plakas, Mannos & Reis
                                     220 Market Avenue, South
                                     Canton, Ohio  44702

*Edwards, J.*

{¶1} Defendant-appellant, Extended Family Concepts dba Heather Ridge Commons, appeals from the May 17, 2010, May 21, 2010, and July 6, 2010, Judgment Entries of the Stark County Court of Common Pleas.

STATEMENT OF THE FACTS AND CASE

{¶2} On or about October 7, 2008, Thelma Gredick, a resident patient at Heather Ridge Commons, fell out of her wheelchair while being transported by one of its employees. As a result of her injuries, she later died.

{¶3} Thereafter, on April 5, 2010, appellee Andrea Hicks, Executor of the Estate of Thelma A. Gredick, filed a complaint for wrongful death, negligence, negligent hiring, negligent supervision and violation of R.C. 3721 et seq. (Nursing Home Patient Bill of Rights) against appellant. Appellant was served with a copy of the summons and complaint on April 8, 2010.

{¶4} On May 14, 2010, appellee filed a Motion for Default Judgment against appellant. Pursuant to an Order filed on May 17, 2010, the trial court granted such motion and scheduled a damage hearing for May 21, 2010. As memorialized in a Judgment Entry filed on May 21, 2010, the trial court granted appellee judgment against appellant in the amount of $255,000.00 plus interest.

{¶5} Subsequently, on June 7, 2010, appellant filed a Motion for Relief from Judgment pursuant to Civ.R. 60(B)(1) and (5). Attached to such motion was an affidavit from D. Cheryl Atwell in which she stated, in relevant part, as follows:

{¶6} "2. In November 2009, counsel for Plaintiff mailed a 180-day letter to Defendant Extended Family Concepts. A true and accurate copy of that letter is

attached hereto as Exhibit A.  As a result of that 180-day letter I was retained to represent Defendant Extended Family Concepts.

{¶7}  "3. In addition to performing an initial investigation regarding the claim represented by the 180-day letter, I identified myself as counsel for purposes of any such claim or Complaint arising there from to counsel for Plaintiff in an e-mail.  A true and accurate copy of the e-mail sent to counsel for Plaintiff is attached hereto as Exhibit B.

{¶8}  "4. I was never provided a courtesy copy of the Complaint, nor was I served with any Pleading or Notice with regard to the lawsuit.

{¶9}  "5. We first became aware of the pending lawsuit and the entry of default on June 1, 2010."

{¶10} The e-mail from Atwell to appellee's counsel, which was sent on November 23, 2009, stated as follows: "I have been provided a copy of your correspondence to Heather Ridge assisted living, and will be representing the assisted living entity. Please direct your communications to me regarding any claim or complaint as to Heather Ridge."

{¶11} Appellant, in support of its motion, also filed a supplemental affidavit on June 15, 2010, from Gloria Prose, the owner of Heather Ridge Commons who was the administrator and general manager of Heather Ridge until April 19, 2010. Prose, in her affidavit, stated that on March 4, 2001[1], an action for foreclosure and for the appointment of a Receiver had been filed against appellant in the Stark County Court of Common Pleas by Coastline Ohio, LLC.  Prose, in her affidavit, further stated that the trial court had granted the motion for the appointment of a Receiver on March 23, 2010

---

[1] While Prose states 2001, she clearly meant 2010.

and then, on March 30, 2010, the trial court, ex parte, had filed another order appointing SAK Management-Ohio, LLC as the Receiver. According to Prose's affidavit, on April 1, 2010, the trial court issued a stay of the March 30, 2010, order and then, on April 8, 2010, again entered an order appointing SAK Management-Ohio, LLC as the Receiver. The following is an excerpt from Prose's affidavit:

{¶12} "7. Between April 9, 2010 and the date of my termination on April 19, 2010, I had discussions and meetings with representatives of SAK Management about the claim of the family of Thelma Gredick. I advised SAK Management representatives, including the current Administrator and the current Nurse consultant, of the litigation, and we discussed the issues associate with the claim. At that time, I provided all other documents relative to this matter to the SAK Management representatives, and I also advised them that information relative to this claim had, prior to the filing of the litigation, been provided to the Church Mutual insurance company, the insurance provider for Heather Ridge/Extended Family Concepts.

{¶13} "8. At the time of my termination on April 19, 2010, I assumed that the representatives of SAK Management had contacted or would contact the insurance company and advise of the complaint. Apparently, representatives of the Receiver thought that the insurance company had been contacted prior to my termination. However, given the confusion and total disarray of the management and operation at Heather Ridge due to the numerous court orders and the takeover by the Receiver on March 31st, it is very possible that due to inadvertence and neglect, Church Mutual was inadvertently not timely advised of the filing of the complaint."

{¶14} On June 21, 2010, appellant filed a Notice of Appeal from the trial court's May 21, 2010, Judgment Entry granting appellee judgment against appellant in the amount of $255,000.00 plus interest. The appeal was assigned Case No. 2010CA00159.

{¶15} On July 6, 2010, the trial court denied appellant's Motion for Relief from Judgment. On July 14, 2010, appellant filed a Notice of Appeal from the trial court's July 6, 2010, Judgment Entry. The appeal was assigned Case No. 2010CA00183.

{¶16} As memorialized in a Judgment Entry filed on July 23, 2010, this Court consolidated the two cases for purposes of appeal.

{¶17} Appellant now raises the following assignments of error on appeal:

{¶18} "I. THE TRIAL COURT ERRED IN GRANTING DEFAULT JUDGMENT IN FAVOR OF APPELLEE ANDREA S. HICKS ABSENT WRITTEN NOTICE TO DEFENSE COUNSEL WHO HAD MADE AN APPEARANCE.

{¶19} "II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR RELIEF FROM DEFAULT JUDGMENT PURSUANT TO RULE 60(B).

{¶20} "III. THE TRIAL COURT ERRED WHEN IT DID NOT GRANT AN EVIDENTIARY HEARING TO APPELLANT AFTER APPELLANT TIMELY FILED A MOTION FOR RELIEF FROM DEFAULT JUDGMENT.

{¶21} "IV. THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING APPELLEE $255,000 IN DAMAGES WITHOUT EVIDENCE OR SUFFICIENT TESTIMONY TO ESTABLISH APPELLEE'S DAMAGES."

I

**{¶22}** Appellant, in its first assignment of error, argues that the trial court erred in granting default judgment in favor of appellee absent written notice to defense counsel. Appellant contends that it was entitled to such notice because it had entered an appearance in the action. We disagree.

**{¶23}** Civ. R. 55(A) provides in pertinent part:

**{¶24}** "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore; * * * If the party against whom judgment by default is sought has appeared in the action, he* * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. * * * "

**{¶25}** The law disfavors default judgments. *Suki v. Blume* (1983), 9 Ohio App.3d 289, 459 N.E.2d 1311. Cases should be decided on their merits whenever possible. *National Mutual Insurance Company v. Papenhagen* (1987), 30 Ohio St.3d 14, 15, 505 N.E.2d 980.

**{¶26}** Courts have frequently addressed the issue of when a party has made an appearance sufficient to trigger the requirement of notice before a default judgment is entered. In *AMCA International Corporation v. Carlton* (1984), 10 Ohio St.3d 88, 461 N.E.2d 1282, the Ohio Supreme Court found a party who had filed a notice of appeal from an order of the Industrial Commission, and later conducted a telephone conversation with opposing counsel with regard to a default judgment motion, has made opposing counsel sufficiently aware the party intended to defend the action. The Ohio

Supreme Court found under these conditions, the party had made an "appearance" and was entitled to the seven day notice. The Supreme Court recognized Civ. R. 55's notice requirement is intended to protect parties who failed to appear in a formal sense by timely filing a pleading, but have otherwise indicated to the opposing party a clear purpose to defend the suit. *AMCA,* supra, at 91.

**{¶27}** In *Kebler v. Prudential Property & Casualty Insurance Company,* Muskingum App. No. CT2002-0036, 2003-Ohio-2145, an estate had notice the opposing party was represented by counsel. The estate did not notify the court of this when it filed for default judgment. This Court ruled the default judgment was premature and invalid.

**{¶28}** A defendant who appears at a case management conference pro se has entered an appearance even though he has not filed an answer. *Mattress Distributors, Inc. v. Cook,* Cuyahoga App. No. 81794, 2003-Ohio-1361. Courts have found even where a defendant's filing is subsequent to the plaintiff's motion for default but prior to the court's ruling on it, the defendant has made an appearance. See *Hartmann v. Ohio Crime Victims Reparations Fund* (2000), 138 Ohio App.3d 235, 741 N.E.2d 149; *Lexus-Nexus Division of Reed Elsevier, Inc. v. Robert Binns Association, Inc.* (December 1, 1998), Franklin App. No. 98 AP-228, 1999 WL 41064.

**{¶29}** By contrast, where a corporate officer telephoned the employee's attorney, this did not constitute appearance on behalf of the employee, because the call was merely to inform the employee's attorney the corporation's counsel was unavailable for a court appearance. *Alliance Group, Inc. v. Rosenfield* (1996), 115 Ohio App.3d 380, 685 N.E.2d 570. Likewise, a phone call made to the county prosecutor's office two years

after an in rem foreclosure action was filed, and one month after the sheriff's sale of the property, did not demonstrate a clear intention to defend the foreclosure action or to redeem the property. *Hall v. Trapper John's Canoe Livery, Inc.* (1996), 15 Ohio App.3d 162, 684 N.E.2d 1277.

{¶30} Recently, in *Sylvester v. Keister*, Stark App. No. 2010CA00078, 2011-Ohio-77, this Court addressed the issue of whether a party had made an appearance sufficient to trigger the notice requirement before a default judgment was entered. Such case arose out of an automobile accident on December 21, 2007. Attorney Douglas Bond became the appellees' counsel after their original counsel withdrew from the case. Bond worked unsuccessfully with the insurance adjuster for the appellant's insurance company to settle the case. The appellees filed their complaint on December 18, 2009, and the appellant was served on January 2, 2010.

{¶31} Sometime in late January or early February of 2010, Attorney Bond spoke with the insurance adjuster, who offered a settlement of $10,000.00 for appellee Heather Sylvester's claim only. On February 3, 2010, Attorney Bond faxed a letter to the insurance adjuster rejecting the offer. He included a courtesy copy of the complaint.

{¶32} On two occasions the appellant personally called Attorney Bond's office and left messages. On the second occasion, he asked Attorney Bond if he needed an attorney. On February 15 and 17, Attorney David Sims' office called and left messages referencing the case. The messages did not indicate that Attorney Sims was representing the appellant.

{¶33} After the appellees, in *Keister*, filed their motion for default judgment on February 16, 2010, and the court sustained the motion the same day, the court

scheduled a hearing on damages for March 5, 2010. After damages were awarded, the appellant appealed, arguing, in part, that the trial court had erred in granting default judgment because he was entitled to notice at least seven days before the hearing on the motion for default. In *Keister,* this Court held, in relevant part, as follows: "The record in this case demonstrates appellant personally called Attorney Bond on two occasions, the second time leaving a message to ask if he needed a lawyer. Neither of these messages demonstrates a clear intent to defend the lawsuit. Likewise, the contact between the insurance adjuster and counsel, while constituting efforts to settle the case, did not demonstrate a clear intent to defend, particularly when the adjuster received a courtesy copy of the complaint but apparently did nothing in response. Finally, the messages from Attorney David Sims' office referenced the case but did not indicate Sims or appellant had a specific intent to defend.

**{¶34}** "We find the trial court did not err in finding appellant failed to show his failure to answer was caused by excusable neglect, and therefore, he was not entitled to notice in the hearing required in Civ. R. 55(A)." Id at paragraphs 21-22.

**{¶35}** In the case sub judice, the e-mail from Atwell to appellee's counsel, which was sent on November 23, 2009, after the 180 day notice was received, stated as follows: "I have been provided a copy of your correspondence to Heather Ridge assisted living, and will be representing the assisted living entity. Please direct your communications to me regarding any claim or complaint as to Heather Ridge." We find the e-mail sent nearly five months before the complaint was filed did not demonstrate a clear intention to defend appellant in the case sub judice. We find that the trial court,

therefore, did not err in granting default judgment to appellee without providing notice to appellant.

{¶36} Appellant's first assignment of error is, therefore, overruled.

II

{¶37} Appellant, in its second assignment of error, argues that the trial court erred in denying appellant's Motion for Relief from Judgment pursuant to Civ.R. 60(B). We disagree.

{¶38} Civ.R. 60(B) states as follows: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."

{¶39} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 514 N.E.2d 1122. In order to find an abuse of that discretion, we must determine the trial court's decision was

unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. In *GTE Automatic Electric Inc. v. ARC Industries,* Inc. (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus, the Supreme Court of Ohio held the following: "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."

**{¶40}** Appellant, in the case sub judice, alleged that it was entitled to relief from judgment under Civ.R. 60(B)(1) and (5). Appellant argued that the default judgment should be vacated because it had not received written notice under Civ.R. 55(A) and also that "[i]t is due to the confusion resulting from Defendant's other ongoing litigation and the uncertain legal status as to the operation of the facility at the time the Summons was served which resulted in an Answer" not being timely filed. The trial court, in its July 6, 2010, Judgment Entry, found that appellant had not shown excusable neglect for the failure to file an answer in a timely fashion and also that appellant had not provided sufficient evidence of a meritorious defense.

**{¶41}** Upon review of the entire record in this matter, we find the trial court did not abuse its discretion in overruling appellant's Civ.R. 60(B) Motion. We concur with the trial court that appellant failed to show excusable neglect. Gloria Prose, in her affidavit, admitted receiving the summons and complaint "at least by April 9, 2010" and

that the same remained on the desk in her office that she maintained at Heather Ridge Commons. In her affidavit, she further stated that due to the confusion over the management and operations at Heather Ridge, "it is very <u>possible</u> that due to inadvertence and neglect, Church Mutual [insurance company] was inadvertently not timely advised of the filing of the complaint." (Emphasis added). Moreover, while appellant argues that it was entitled to relief under Civ.R. 60(B) because, having entered an appearance, it was entitled to written notice at least seven days prior to a hearing on the motion for default judgment, as is stated above in our disposition of appellant's first assignment of error, we disagree.

{¶42} We further find that appellant failed to provide sufficient evidence of a meritorious defense.

{¶43} In the case sub judice, D. Cheryl Atwell, in her affidavit that was attached to appellant's motion stated, in relevant part as follows:

{¶44} "7. In response to the 180-day letter I investigated the facts and circumstance surrounding Plaintiff's potential claim. It is my opinion that Defendant has meritorious defenses to liability and damages including, but not limited to, differences in application of rules regarding restraint application to residents by assisted living facilities versus nursing homes, defendant's (sic) multiple medical condition, as well as procedural defenses."

{¶45} We concur with the trial court that, appellant, through these generic conclusory assertions by Atwell "has not provided sufficient evidence of a meritorious defense as required by Rule 60(B)."

**{¶46}** Based on the foregoing, we find that the trial court did not abuse its discretion in denying appellant's Motion for Relief from Judgment pursuant to Civ.R. 60(B).

III

**{¶47}** Appellant, in its third assignment of error, argues that the trial court erred in failing to hold an evidentiary hearing on appellant's Motion for Relief from Judgment pursuant to Civ.R. 60(B). We disagree.

**{¶48}** The standard for when an evidentiary hearing on a Civ.R. 60(B) motion is necessary is set forth in *Cogswell v. Cardio Clinic of Stark County, Inc.* (October 21, 1991), Stark App. No. CA-8553, 1991 WL 242070. In *Cogswell,* this Court held under Civ.R. 60(B), a hearing is not required unless there exist issues supported by evidentiary quality affidavits. A trial court must hold an evidentiary hearing when the motion and supporting evidence contain sufficient allegations of operative facts which would support a meritorious defense to the judgment. *Cogswell; BancOhio National Bank v. Schiesswohl* (1988), 51 Ohio App.3d 130, 554 N.E.2d 1362.

**{¶49}** As is discussed above with respect to appellant's second assignment of error, we concur with the trial court that appellant failed to provide sufficient evidence of a meritorious defense as required by Civ.R. 60(B) and failed to show excusable neglect for failing to file a timely answer. In short, we find that appellant failed to allege operative facts which would warrant relief under Civ.R. 60(B). We find, therefore, that the trial court did not err in failing to hold an evidentiary hearing.

**{¶50}** Appellant's third assignment of error is, therefore, overruled.

IV

{¶51} Appellant, in its fourth assignment of error, argues that the trial court abused its discretion in awarding appellee $255,000.00 in damages. We agree.

{¶52} A reviewing court will not reverse a trial court's decision regarding its determination of damages absent an abuse of discretion. *Kaufman v. Byers,* 159 Ohio App.3d 238, 2004-Ohio-6346, 823 N.E.2d 520, at ¶ 37. In order to find abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable. *Blakemore*, supra.

{¶53} Appellant specifically argues that there was insufficient evidence or testimony to support an award of $255,000.00 in damages.

{¶54} At the May 21, 2010 damages hearing, appellee testified that Thelma Gredick was her mother. Appellee testified that, in addition to herself, there were three other beneficiaries. The following testimony was adduced when she was asked about her relationship with her mother:

{¶55} "A. We were very close. Um, did many activities together. Always had holidays, spent all holidays together. Um, most, most holidays I, I would cook and have everyone at my place. Um, always had birthday parties, um, cookouts for Memorial Day and July 4th. Um, always visiting. Had some lunches and some dinners together.

{¶56} "Q. How long had your mom been at Heather Ridge?

{¶57} "A. She went to Heather Ridge in the middle of 2005.

{¶58} "Q. Okay. And while she was in Heather Ridge did you visit with her regularly?

{¶59} "A. Yes, I was usually at Heather Ridge once a week to visit her.

{¶60} "Q. Okay. Did you enjoy the visits that you had with her?

{¶61} "A. Yes.

{¶62} "Q. Could you tell whether she was enjoying the visits with you?

{¶63} "A. Yes, she was.

{¶64} "Q. Other than visiting your mom had you kept in contact with her by telephone or other means while she was staying at Heather Ridge?

{¶65} "A. Yes. I would call to see how she was doing." Transcript at 6-7.

{¶66} Appellee also testified that her mother had fallen 10 to 12 times before while at Heather Ridge, but had never been hospitalized before for her falls. She testified that she missed her mother and that, if her mother were still alive, she would have been visiting her regularly. Finally, appellee testified that she believed that the funeral costs for her mother were close to $5,000.00.

{¶67} Based on the foregoing, we find that there was insufficient evidence supporting the trial court's award of $255,000.00 in damages.

{¶68} Appellant's fourth assignment of error is, therefore, sustained.

{¶69} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed in part and reversed and remanded in part.

By: Edwards, J.

Gwin, P.J. and

Delaney, J. concur

_____

_____

_____

JUDGES

JAE/d0419

[Cite as *Hicks v. Extended Family Concepts*, 2011-Ohio-3227.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ANDREA S. HICKS, EXECUTOR OF | : | |
| THE ESTATE OF THELMA A. GREDICK | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| EXTENDED FAMILY CONCEPTS, | : | |
| DBA HEATHER RIDGE COMMONS | : | |
| | : | |
| Defendant-Appellant | : | CASE NOS. 2010CA00159 & |
| | : | 2010CA00183 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed in part and reversed and remanded in part. Costs assessed 65% to appellants and 35% to appellee.

_____

_____

_____

JUDGES