[Cite as *Lash v. Lash*, 2023-Ohio-100.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
CARROLL COUNTY

KRISTEN LASH, et al.,

Plaintiff-Appellant,

v.

DEREK LASH, et al.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 CA 0954**

---

Civil Appeal from the
Court of Common Pleas of Carroll County, Ohio
Case No. 2020 CVC 29669

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. Thomas L. Erb, Jr.*, Erb Legal LLC, 803 East Washington Street, Suite 110, Medina, Ohio 44256, for Plaintiff-Appellant

*Atty. Jeffrey Jakmides* and *Atty. Julie Jakmides Mack*, 325 East Main Street, Alliance, Ohio 44601, for Defendants-Appellees.

Dated: January 6, 2023

---

**WAITE, J.**

**{¶1}** Appellant Kristen Lash appeals a November 23, 2021, judgment entry of the Carroll County Court of Common Pleas which granted default judgment in favor of Appellees Derek Lash, Jessica Lash, and Kristen Moore. We note that Appellant's brief is purportedly filed on behalf of her and co-plaintiff Matthew Griffith. However, the notice of appeal was filed only on behalf of Kristen Lash. Appellant argues that the trial court erred in granting judgment as Appellees failed to properly serve their counterclaim and failed to provide written notice of their motion for default judgment. Appellant also argues that the court's award of damages is unsupported by any evidence. For the reasons that follow, Appellant's argument regarding failure to provide written notice has merit. As such, the remaining arguments are moot. Accordingly, the judgment of the trial court is reversed and remanded for a hearing pursuant to Civ.R. 55.

<u>Factual and Procedural History</u>

**{¶2}** The underlying conflict originated out of a custody dispute and allegations of child abuse. However, the instant appeal does not directly involve any custody or child abuse related claims. Appellant and Matthew Griffith filed a complaint alleging various harms they suffered as a tangential result of those past claims.

**{¶3}** The relationship of the parties is somewhat confusing. Appellant Kristen Lash married Appellee Derek Lash, however they later divorced. Two children resulted from that marriage. Matthew Griffith was married to Appellee Kristen Moore and two children resulted from that marriage. They, too, divorced. At some point thereafter, Matthew Griffith married Appellant Kristen Lash. Appellee Derek Lash married Appellee

<u>Case No. 21 CA 0954</u>

Jessica Lash. Thus, Appellant and Matthew Griffith are currently a married couple and have filed a lawsuit against their respective ex-spouses, along with the current wife of Appellee Derek Lash.

{¶4} Appellant and Matthew Griffith live in North Carolina. Appellees Derek and Jessica Lash live in Carroll County, Ohio. The custody agreement between Appellee Derek Lash and Appellant Kristen Lash is subject to jurisdiction in the North Carolina courts. Appellee Kristen Moore resides in West Virginia. The custody agreement between Matthew Griffith and Appellee Kristen Moore is subject to jurisdiction in West Virginia.

{¶5} Appellee Derek Lash accused Appellant and Matthew Griffith of committing felonious assault in an apparent use of discipline against the Lash children. Appellee Derek Lash filed a lawsuit against Appellant and Matthew Griffith related to those claims in North Carolina. As a result of that lawsuit, Appellee Kristen Moore filed an ex parte motion in a West Virginia Court requesting the court to withhold Matthew Griffith's visitation with his children pending the outcome of the North Carolina case. The North Carolina court later dismissed the lawsuit and it appears that Appellee Kristen Moore's litigation was also unsuccessful.

{¶6} As a result, on November 9, 2020, Appellant and Matthew Griffith filed a complaint against Appellees. The complaint asserted seven counts: (1) defamation *per se*, (2) defamation, (3) abuse of process, (4) intentional infliction of emotional distress, (5) loss of consortium, (6) intentional interference with custody, and (7) conspiracy. Each of these claims derive from the actions that were filed in the North Carolina and West Virginia courts.

**{¶7}** On January 12, 2021, all Appellees filed an answer and raised a single counterclaim alleging abuse of process. Appellees served the answer and counterclaim on Appellant and Matthew Griffith via email. Appellant and Matthew Griffith did not respond to the counterclaim based on their belief that it had been improperly served pursuant to Civ.R. 5.

**{¶8}** On February 16, 2021, Appellant and Matthew Griffith filed a Civ.R. 12(B)(6) motion to dismiss the counterclaim. On April 14, 2021, the trial court denied the motion.

**{¶9}** On August 17, 2021, Appellees filed a motion seeking judgment on the pleadings. Appellant and Matthew Griffith filed a motion for partial summary judgment. On September 8, 2021, Appellees also filed a motion for sanctions, which the court held in abeyance. On October 1, 2021, the court denied Appellant and Matthew Griffith's motion for partial summary judgment, and granted in part and denied in part Appellees' motion for judgment on the pleadings. As to Appellee Jessica Lash, the court dismissed all counts based on the fact that she had been included in the lawsuit for no other reason than her marriage to Appellee Derek Lash. The court denied the intentional interference with custody claim in total, as the court had no jurisdiction over custody matters. As to Appellees Derek Lash and Kristen Moore, the court denied the motion for judgment on the pleadings regarding the remaining six counts of the complaint.

**{¶10}** On November 15, 2021, Appellant and Matthew Griffith filed a motion to dismiss Appellees' counterclaim for failure of proper service. The next day, the trial court held a hearing. Prior to the start of this hearing, Appellees' counsel made an oral request for default judgment on the counterclaim, as Appellant and Matthew Griffith had not responded to it. The trial court granted the motion. Following a limited hearing on damages, the court awarded Appellee Derek Lash $1,000 in lost wages, awarded

Appellee Jessica Lash $2,000, and awarded $5,000 in attorney fees.  It is from this entry that Appellant timely appeals.

ASSIGNMENT OF ERROR NO. 1

The trial court erred in granting the Defendant-Appellee's [sic] Motion for Default Judgment because the Defendant-Appellees did not serve the Plaintiff-Appellants [sic] with written notice of the Motion for Default Judgment 7-days prior to a hearing on such application in accordance with Ohio Rule of Civil Procedure 55.

ASSIGNMENT OF ERROR NO. 2

The trial court abused its discretion in granting the Defendant-Appellees' Motion for Default Judgment because Defendant-Appellees did not serve the Plaintiff-Appellants [sic] in accordance with Ohio Rule of Civil Procedure 5.

ASSIGNMENT OF ERROR NO. 3

The trial court abused its discretion in denying the Plaintiff-Appellant's [sic] Motion to dismiss and also abused its discretion in granting the Defendant-Appellee's Motion for Default Judgment because Defendant-Appellee did not plead abuse of process nor did Defendant-Appellee offer testimony or evidence in support of that claim.

{¶11} Appellant contends that the trial court abused its discretion in granting Appellees' oral motion to dismiss for several reasons:  no written notice seven days in

advance was provided in accordance with Civ.R. 55; service of the counterclaims was improper pursuant to Civ.R. 5; and Appellees failed to correctly plead abuse of process and offer evidence or testimony in support of this claim.

{¶12} In response, Appellees contend that service of the counterclaim by email was proper because it was filed after the original complaint, thus does not have to be served individually on each party. As to the failure to correctly plead and offer evidence in support of their abuse of process claim, Appellees argue that the trial court is not bound to follow the local rules where a constitutional right is not implicated. As to the motion for default judgment, Appellees respond by arguing that Appellant failed to make an appearance in the matter and the allegation that they failed to comply with Civ.R. 55 is moot because the matter went to trial.

{¶13} Appellant argues that Civ.R. 55(A) requires a party to serve a written motion for default judgment on the opposing party at least seven days before a hearing. Appellant urges that she filed multiple motions to dismiss the counterclaim and appeared at the hearing, thus she entered an appearance for purposes of Civ.R. 55(A).

{¶14} According to Appellees, the seven-day notice was not required because Appellant failed to answer the counterclaim. Even so, Appellees assert that the issue is moot because the matter proceeded to a trial.

{¶15} Civ.R. 55(A) provides:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; but no judgment by default shall be entered against a minor or an

incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.

**{¶16}** The record in this case is also somewhat confusing, however, it appears that ultimately all counts in the original complaint were dismissed prior to hearing, leaving only Appellees' counterclaim. The original reason for setting this hearing is unclear and the transcripts do not provide clarity. At hearing, the court began by acknowledging that several motions were pending, including Appellant and Matthew Griffith's second motion to dismiss the counterclaim for lack of jurisdiction. The court also recognized that Appellees had made an oral motion for default judgment in chambers prior to the start of the hearing.

**{¶17}** The record is clear that Appellant had been engaged in efforts to defend against the counterclaim by seeking to have it dismissed. Appellant had filed and responded to several motions and had made an appearance in this matter, in an effort to

defend against Appellees' counterclaim. These efforts were enough to trigger Appellees' duty to comply with the requirements of Civ.R. 55.

**{¶18}** We have previously noted that:

A policy reason behind this requirement is to give a defendant who has made some type of effort to appear in a case the opportunity to move for an extension of time to file an answer or to put on proof at the default hearing. See Staff Note 2 to Civ.R. 55. Furthermore, the Supreme Court's policy with regards to issues such as these entails "the abandonment or relaxation of restrictive rules which prevent hearing of cases on their merits."

*Stern v. Stern*, 7th Dist. Jefferson No. 97 JE 68, 1999 WL 1243319, *2, citing *AMCA Internatl. Corp. v. Carlton*, 10 Ohio St.3d 88, 90, 461 N.E.2d 1282 (1984).

**{¶19}** Without reaching the merits of whether default judgment should have been granted, the trial court improperly granted default judgment because, procedurally, Appellees failed to provide written notice pursuant to Civ.R. 55(A). Due to this procedural error, it would be premature to review the merits of the court's decision to grant default judgment as addressed in Appellant's remaining arguments. Because the trial court must have a new hearing on the matter after Appellant received written notice of Appellees' application for default judgment, the remaining assignments are moot.

**{¶20}** Accordingly, Appellant's first assignment of error has merit and is sustained and Appellant's second and third assignments of error are moot.

<u>ASSIGNMENT OF ERROR NO. 4</u>

The trial court abused its discretion in granting the Defendant-Appellee's [sic] Motion for Attorney's Fees because there is no evidence in the record to support the Defendant-Appellee's testimony.

**{¶21}** Appellant contends that the court's award of damages is speculative, as Appellees could not definitively state how many days of work they had missed and neither Appellees' lost wages were based on evidence. Thus, damages cannot be determined with reasonable specificity.

**{¶22}** While Appellant appears to be correct in that the damages award is speculative at best, because an entirely new hearing will be held in this matter, Appellant's fourth assignment of error is also moot.

## Conclusion

**{¶23}** Appellant argues that the trial court erroneously granted default judgment as Appellees failed to properly serve the counterclaim and to provide written notice of their motion for default judgment. Appellant also argues that the court's damage award is unsupported by evidence. For the reasons provided, Appellant's arguments regarding the requisite notice pursuant to Civ.R. 55 have merit, rendering the remaining issues moot. Accordingly, the judgment of the trial court is reversed and remanded for a hearing pursuant to Civ.R. 55.

Donofrio, J., concurs.

Robb, J., concurs.

Case No. 21 CA 0954

---

For the reasons stated in the Opinion rendered herein, Appellant's first assignment of error is sustained and her remaining assignments are moot. It is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Carroll County, Ohio, is reversed. We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellees.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**